UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------------x
Mohammed Iqbal

         Plaintiff,

 -v.-

Escallate, LLC

         Defendant.
-------------------------------------------------------------------------x

CIVIL ACTION

**COMPLAINT**

Plaintiff Mohammed Iqbal ("Plaintiff" or "Iqbal") by and through his attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Escallate LLC ("Defendant" or "Escallate"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of Connecticut, County of New Haven, residing at 151 Andrew Ave., Naugatuck, CT 06770.

3. Defendant is a debt collector with an address at 5200 Stoneham Rd., Suite 200, North Canton, OH, 44720.

4.  Escallate LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper in this judicial district because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FACTUAL ALLEGATIONS

7.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.  On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.  This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

    (1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

11.     The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

12.     This letter contains the "g-notice" but this "g-notice contains false information.

13.     Although a collection letter may track the statutory language, ''the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.'' Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) (''It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed.''). Put differently, a notice containing ''language that

'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act.'' Russell, 74 F.3d at 34.

14. The letter fails to proper convey the requirement for the dispute to be in writing in order to invoke certain remedies.

15. This language overshadows the ''g-notice'' and deceives the consumer into improperly asserting their validation rights.

16. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

*Collection Calls*

17. During the course of the past year the Plaintiff received collection calls from the Defendant.

18. The Defendant intentionally acted in a deceptive manner when collectors for the Defendant left voicemails for the Plaintiff and failed to properly disclose that this was an attempt to collect a debt and the name of the agency.

19. These calls from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

*Respondeat Superior Liability*

20.   The acts and omissions of the debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

21.   The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

22.   By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

23.   Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

*Summary*

24.   The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

25.   Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

**FIRST CAUSE OF ACTION**

**(Violations of the FDCPA)**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

28. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

30. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs.

31. Defendants intentionally caused harm to Plaintiffs' emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

32. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

33. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

34. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mohammed Iqbal demands judgment from the Defendant Escallate LLC, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A):

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendants practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Waterbury, Connecticut
March 26, 2015

/S/ Raphael Deutsch
_____
RC Law Group, PLLC
By: Raphael Deutsch
301 Highland Avenue
Waterbury, CT, 06708
Phone: 201.282.6500 ext. 201
Fax: 201.282.6501

Case 3:15-cv-00444-AWT Document 1 Filed 03/26/15 Page 8 of 8